## HENDRICKSON MOTOR TRUCK CO. v.
### COE, Com'r of Patents.
### Civ. No. 132.

District Court of the United States for the District of Columbia.
May 1, 1940.

Earle D. Crammond, of Washington, D. C. (Cromwell Greist & Warden, of Chicago, Ill., of counsel), for plaintiff.

W. W. Cochran, of Washington, D. C., for defendant Commissioner of Patents.

LUHRING, Justice.

The complaint is based on R.S. 4915, 35 U.S.C. § 63, 35 U.S.C.A § 63, and seeks the issuance of a patent for Improvement in Six-Wheel Truck. Twelve claims, numbered 1 to 12 inclusive, are in issue.

The alleged invention involved in this suit is a six-wheel truck construction in which two of the four rear wheels are mounted on a driven or live axle and the other two on a non-driven or dead axle. These axles are connected by rigid beams which are pivoted at their ends to arms connected with the live and dead axles respectively, the arms being fixedly connected to the live axle and pivotally connected to the dead axle. The truck body is supported at the centers of the beams. By this arrangement the dead axle may swing about the pivot points at which it is connected with the beam, thus producing what plaintiff calls a "floating" movement.

It is claimed in the application that "the improved mounting will in large measure absorb the shocks, jars and stresses which are ordinarily experienced in starting and stopping a truck under a heavy load, by allowing the live axle to start up or come to a stop before the dead axle, and also by allowing the dead axle to come to a stop or slow up independently of the live axle when run over a curb or other obstruction or backed into one, all without any sacrifice in durability and without affecting the normal action of the spring suspension means."

All claims were rejected by the Examiner on the ground that they are unpatentable over the prior art as shown by the following patents:

Hendrickson, 1,658,164, Feb. 7, 1928,
Porter, 1,855,868, April 26, 1932.

The decision of the Examiner was affirmed by the Board of Appeals.

The patent to Porter clearly discloses a solution of the problem which confronted the applicant here. This patent shows a six-wheel truck in which one of the rear wheels is driven and the other is not.

In his specification Porter states:

(Page 1, lines 21 et seq.) "The primary object of my invention is to provide a yielding unitary structure that will readily accommodate itself to road-surface irregularities without unduly stressing any of its elements or the vehicle parts to which it is attached, a floating 'universal' movement being provided throughout to compensate for road humps and depressions."

(Page 1, lines 37 et seq.) "With my auxiliary axle attachment properly-spaced yieldable and aligned relationship is maintained between it and the drive axle * * *."

(Page 2, lines 49 et seq.) "Only the forward end of the drive-axle spring 19 may be said to have a fixed point of attachment to the chassis frame, and even at this point the connection is pivotal, * * * Provision for oscillatory movement at points 22, 18, 20, 16, 6, 11 and 13 gives a degree of flexibility in service that compensates for road irregularities, both drive and auxiliary axles and wheels moving freely without greatly disturbing the level of the vehicle body."

The Hendrickson patent shows two driven axles connected by beam 24 corresponding to a similar construction in the applicant's device, and the forward axle is connected to the frame by brace rods 31 and 32. The difference in construction between Hendrickson and the applicant is that the rear axle of Hendrickson is driven and also braced to prevent longitudinal rocking movement, while the applicant's rear axle is a dead axle and not braced to the frame. In other words, the applicant dispenses with the drive to the rear axle and also the brace rods; and converts the rear axle of Hendrickson into a dead axle. This is taught by Porter and his rear axle is free to rock forwardly and rearwardly.

As pointed out by the Board of Appeals that "while Hendrickson shows a drive connected to each of the rear axles and does not provide a floating connection for the rear dead axle to its support, we are not satisfied this is a patentable distinction inasmuch as Porter discloses a floating connection to the rear wheel of a four-wheeled truck (see Fig. 9 particularly) and to disconnect the driving means for the rear wheel in Hendrickson and to provide a floating connection to such wheel is an obvious modification."

The court finds that the claims in issue are unpatentable over the prior art and that the complaint should be dismissed.

It is so ordered and counsel for defendant will submit findings of fact and conclusions of law accordingly, together with appropriate judgment.